JOHN W. BLODGETT & others *vs.* ISAAC C. HILDRETH & another.

Under the insolvent laws of this commonwealth, the giving of a security for a pre-existing debt may invalidate the discharge, although the debtor agreed to give such security when the debt was contracted, it having been in fact given not until afterwards.

An agreement by a creditor, who has received an unlawful preference, to surrender the property received, and to share *pro rata* with other creditors, made before commencement of insolvency proceedings, but not consummated until afterwards, does not purge the illegality.

THIS was an action of contract for goods sold and delivered, the only defence to which was a discharge in insolvency under *St.* 1838, *c.* 163, and the acts in addition thereto, dated July 13th, 1852. The plaintiffs sought to impeach the discharge by proof of an unlawful preference by the defendants of one of their creditors, and at the trial in the court of common pleas, before *Wells*, C. J. it appeared that about the 5th of December, 1851, the defendants borrowed $300 of Henry Reed, giving him a note payable to William W. Reed, from whom the money had been obtained by said Henry. The defendants at that time promised to give security for said note, if at any time it should be requested, but none was then given. On the 18th of the same December, the defendants obtained $315 more of said Henry Reed, and the defendants then agreed to give security for the whole $615, the former note of $300 was given up, and a new note given for the whole amount dated as of the former transaction. Two days afterwards the defendants pledged goods of the value of $500 to secure said note to the said William W. Reed, who retained the same until the second meeting of the creditors of the defendants, when they were surrendered to the assignee and sold

for the general benefit of the creditors, said William W. Reed proving his claim and receiving a dividend *pro rata* with other creditors. There was also evidence tending to show that at the time the defendants secured said William W. Reed, they were insolvent in fact, and had no reasonable cause to believe themselves solvent. The petition in insolvency was dated January 12th, 1852. The plaintiffs proved their debt and received a dividend out of the estate. Upon these facts and others not material to be reported, the presiding judge ruled " that if at the time a loan is made or debt contracted, there is an absolute agreement that the same shall be secured, and security is afterwards given in performance of such agreement, this would not be such a security of a preëxisting debt as would invalidate a discharge. And if a loan is contracted for, to be made by instalments, and there is an absolute agreement made to secure the whole of the same, and no security is given until the last instalment is advanced, and then the whole debt is secured in compliance with the terms of the original agreement, the giving of such security would not invalidate a discharge. But if, at the time the debt is contracted, there is no absolute agreement to give security, but the debtor promises that he will give security if he shall be requested to do so, the securing of such a debt upon request, would be within the statute and would invalidate a discharge."

The presiding judge also ruled that if security were given upon the note generally, it would invalidate the discharge. But if the security was agreed to apply to the last loan only, it would not invalidate the discharge, although a note had been taken for that loan and a preëxisting debt combined. And that as the property was not given up until after the deed of assignment was passed, this would not purge the illegality of the original transaction, although done in pursuance of a promise and consent of the defendants and pledgee, made before the application for the benefit of the insolvent laws. The verdict being for the plaintiffs, the defendants excepted to the foregoing rulings.

*B. F. Butler,* for the defendants.

*D. S. Richardson,* for the plaintiffs.

BIGELOW, J.   The instructions given to the jury as to what would constitute an unlawful preference, so as to invalidate a discharge under the insolvent acts, were sufficiently favorable to the defendants.   The language of *St.* 1838, *c.* 163, § 10, is clear and unambiguous.   It provides that " any security given for the performance of any contract, when the agreement for such security is part of the original contract and the security is given at the time of making such contract," shall not be deemed a preference.   This plainly excludes any executory agreement for the giving of security between debtor and creditor.   The agreement must not only be made, but it must be executed contemporaneously with the original contract. Any other construction would leave a wide door open for the very evil and mischief which the statute intended to prevent.

The agreement of the creditor to surrender the property which he had received by way of unlawful preference cannot enure to the benefit of the debtor.   It does not purge his wrongful act   He has made a transfer forbidden by law and put it out of his own power to restore his creditors to their legal rights.   It does not make it any the less a preference by the debtor, that the creditor sees fit voluntarily to surrender the property to the assignees.   It might have been otherwise, if the parties had cancelled their agreement and the property had been restored to the defendants before their application for the benefit of the insolvent acts.   But it was a contract still subsisting at the time of the commencement of the insolvent proceedings, upon which the creditor might have insisted and claimed to hold the goods as against the assignee.   It was, therefore, within the express terms of the statute.

It was clearly competent for the plaintiffs to impeach the defendant's discharge.   Although granted by the commissioner, it was still open to be invalidated for any of the causes which by the statute rendered it of no effect.   *Morse* v. *Reed,* 13 Met. 62.                                              *Exceptions overruled.*